IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Avery Mason, #307830, | ) | C/A No. 2:09-1734-JFA-RSC |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| | ) | |
| David Reyher, | ) | |
| Defendant. | ) | |
| _____ | ) | |

The *pro se* plaintiff, Avery Mason, is an inmate at the Campbell Pre-Release Center of the South Carolina Department of Corrections ("SCDC"). He initiated this action pursuant to 42 U.S.C. § 1983 challenging an arrest and search by the defendant (who is a police officer) which ultimately resulted in his conviction for crack cocaine possession. The plaintiff filed an unsuccessful appeal of his conviction. He has not filed an application for Post Conviction Relief.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that this court should summarily dismiss the complaint. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

Specifically, the Magistrate Judge suggests that this action should be dismissed without prejudice pursuant to the decision of the United States Supreme Court in *Heck v.*

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

*Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that before a state inmate may recover damages for an allegedly unconstitutional conviction or imprisonment whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called in to question by a federal court's issuance of a Writ of Habeas Corpus.

In response to the Magistrate Judge's Report, the plaintiff has filed an objection memorandum which does not address the holding in *Heck v. Humphrey*. Rather, the petitioner cites several cases that all predate *Heck* and suggests that these cases stand for the proposition that innocence or guilt is not a factor in a claim for a Fourteenth Amendment violation. Quite obviously, these decisions are no longer good law in light of *Heck*. The remainder of the plaintiff's objection is little more that a restatement of the claims in the complaint, coupled with a request that the plaintiff be allowed "an opportunity to present my case, despite the fact of a conviction."

Because the Magistrate Judge was unquestionably correct in his determination that *Heck v. Humphrey* bars this suit, the court will adopt the Report, which is incorporated herein by reference, and overrule all objections thereto. This action is hereby dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

July 23, 2009
Columbia, South Carolina

2